**E-FILED on**   12/20/2005

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PICTURE IT SOLD!, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>iSOLD IT, LLC, and DOE 1 though DOE 30,<br><br>    Defendants. | No. C-05-02598 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION; DENYING DEFENDANT'S MOTION TO STRIKE<br><br>**[Re Docket Nos. 17, 22, 27, 32, 35, 39]** |

    Plaintiff Picture It Sold!, Inc., moves for a preliminary injunction primarily to prevent defendant iSold It, LLC, from engaging in online advertising that the plaintiff claims infringes the plaintiff's service mark. The defendant moves to strike the plaintiff's late-filed reply brief. For the reasons given below, the court denies both motions.

## I. BACKGROUND

    eBay is an online marketplace where one can buy and sell a wide variety of things.[1] Plaintiff Picture It Sold!, Inc., ("Picture It") operates a store in Berkeley, California, where clients can deliver items to be sold on eBay. Picture It attempts to sell such items on eBay, and if successful, sends clients a portion of the

---

[1] *See, e.g.*, "Hollywood sign fetches $450,000 on eBay," *Monterey County Herald*, Dec. 8, 2005, *available at* 2005 WLNR 19729674; "Man sells Mary, Jesus Funyuns on eBay," *Charleston Gazette & Daily Mail*, Dec. 7, 2005, at 7A, *available at* 2005 WLNR 19703319; *but see* "eBay yanks offer to sell vote online," *Toronto Star*, Dec. 7, 2005, at A08, *available at* 2005 WLNR 19652904.

1  proceeds.  Picture It has registered a service mark with the California Secretary of State.  McGinnis Decl.,
2  Ex. C.  This registration covers "'Picture It' in black lettering, with a red 'Sold!' stamped over a portion of
3  'Picture It' as if the word 'Sold!' was rubber stamped onto the rest of the logo."  *Id*.  Picture It has applied
4  for federal registration of its service mark.  *Id.*, Ex. D.

5        Defendant iSold It, LLC, ("iSold") is a competitor of Picture It.  Mot. at 7.  iSold engages in
6  "keyword advertising" through internet search engines; that is, iSold pays search engines such as Google[2] to
7  display a link to iSold's webpage if someone enters certain words into the search engine.  *Id*.  Picture It
8  alleges that at times in the past, iSold has purchased keyword advertising linked to searches containing the
9  words *picture*, *sold*, and *it*, and that some searches containing just the words *sold* and *it* resulted in iSold's
10 keyword advertising being displayed along with the search results.  At oral argument, the parties agreed that
11 iSold's current search engine advertising is linked to the words *sold* and *it* but has a "negative" for *picture*;
12 that is, iSold's ad may be displayed when a user searches for any string containing the words *sold* and *it*,
13 unless the search string also contains the word *picture*, in which case iSold's ad is not displayed.[3]

14       Picture It filed a complaint alleging two causes of action: unfair competition in violation of 15 U.S.C.
15 § 1125(a); service mark infringement, in violation of Calif. Bus. & Prof. § 14203.  Picture It now moves for
16 a preliminary injunction to prevent iSold from engaging in online advertising that displays iSold ads when
17 someone uses an online search engine to search for the words *picture*, *sold*, and *it*.  Picture It presumably
18 is seeking to enjoin alleged acts of unfair competition prohibited by 15 U.S.C. § 1125(a).

19 **II.  ANALYSIS**

20 **A.  Motion to strike**

21       iSold moves to strike the reply brief of Picture It.  Without contemporaneous explanation, Picture It
22 filed its reply on Monday, December 5, 2005, although under Civil L.R. 7-3(c), Picture It's reply was due

---

[2] Google is presently considered to be the dominant search engine.  *See, e.g.*, John Markoff, "Google Aims for the Classified Ads Business," *N.Y. Times*, Nov. 16, 2005, at C6, *available at* 2005 WLNR 18488749 ("Google, the dominant Web search site").

[3] Thus the following searches would result in iSold's keyword ads appearing: "it sold", "I sold it", "She bought a photograph and then sold it", and "peanut jelly sold gold mold it".  The following searches would not result in iSold's keyword ads appearing: "Picture It Sold", "She bought a picture and then sold it", and "I sold a picture of the i Sold It store in Los Gatos".

ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION; DENYING DEFENDANT'S MOTION TO STRIKE—No. C-05-02598 RMW
JAH     2

1  on Friday, December 2, 2005.  As the court will deny Picture It's request for a preliminary injunction,
2  iSold's motion to strike is moot.

3  **B. Preliminary injunction**

4      The decision to grant a preliminary injunction is within the discretion of a district court.  *United
5  States v. Peninsula Communications, Inc*., 287 F.3d 832, 839 (9th Cir. 2002).  There are two tests for
6  determining whether a district court may grant a preliminary injunction.  Under the traditional test for
7  granting preliminary injunctive relief, the applicant must demonstrate: "(1) a likelihood of success on the
8  merits; (2) a significant threat of irreparable injury; (3) that the balance of hardships favors the applicant;
9  and (4) whether any public interest favors granting an injunction." *Raich v. Ashcroft*, 352 F.3d 1222,
10 1227 (9th Cir. 2003).  Alternatively, "[t]he moving party must show either (1) a combination of probable
11 success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and
12 the balance of hardships tips sharply in favor of the moving party."  *Stuhlbarg Intern. Sales Co., Inc. v.
13 John D. Brush and Co., Inc.*, 240 F.3d 832, 839-40 (9th Cir. 2001); *see Raich*, 252 F.3d at 1227.  The
14 two parts of this alternative test "represent extremes of a single continuum, rather than two separate tests."
15 *Clear Channel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003) (internal citation
16 and quotation marks omitted).

17     The court will focus on Picture It's likelihood of success.  Picture It has not shown it is likely to
18 succeed on the merits of its case; therefore, under either the traditional test for injunctive relief or the first
19 part of the alternative test, injunctive relief is unwarranted.  Picture It's claim that iSold's keyword
20 advertising violates 15 U.S.C. § 1125(a) appears to be a matter of first impression.  Picture It's motion
21 dealing with its likelihood of success mentions only two cases: *Brookfield Communications, Inc. v. West
22 Coast Entertainment Corp*., 174 F.3d 1036 (9th Cir. 1999), and *Bihari v. Gross*, 119 F. Supp. 2d 309
23 (S.D.N.Y. 2000).

24     In *Brookfield*, the Ninth Circuit considered, among other things, whether the defendant's use of the
25 plaintiff's trademark in the metatags of the defendant's website constituted unfair competition.  174 F.3d at
26 1061.  The court stated that it did and analogized the conduct at issue to erecting misleading billboards:

27     Using another's trademark in one's metatags is much like posting a sign with another's
    trademark in front of one's store.  Suppose West Coast's competitor (let's call it
28     "Blockbuster") puts up a billboard on a highway reading—"West Coast Video: 2 miles

ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION; DENYING DEFENDANT'S MOTION TO STRIKE—No. C-05-02598 RMW
JAH     3

> ahead at Exit 7"—where West Coast is really located at Exit 8 but Blockbuster is located at Exit 7. Customers looking for West Coast's store will pull off at Exit 7 and drive around looking for it. Unable to locate West Coast, but seeing the Blockbuster store right by the highway entrance, they may simply rent there. Even consumers who prefer West Coast may find it not worth the trouble to continue searching for West Coast since there is a Blockbuster right there. Customers are not confused in the narrow sense: they are fully aware that they are purchasing from Blockbuster and they have no reason to believe that Blockbuster is related to, or in any way sponsored by, West Coast. Nevertheless, the fact that there is only initial consumer confusion does not alter the fact that Blockbuster would be misappropriating West Coast's acquired goodwill.

at 1064.

Picture It merely cites to *Brookfield* for the proposition that initial interest confusion generated online is actionable. Mot. at 10. *Bihari* likewise dealt with unfair competition claims for using another's trademarks in metatags and domain names, but not keyword advertising. 119 F. Supp. 2d at 311. Picture It does not explain how keyword advertising is sufficiently akin to putting another's trademarks in the metatags of one's website to warrant this court finding that Picture It is likely to prevail on its unfair competition claim. West Coast putting "Blockbuster" in the metatags of the West Coast website would lead to West Coast's website appearing in a listing of search results for "Blockbuster". West Coast paying for keyword ads to be displayed when users search for "Blockbuster" would result in West Coast's website appearing as something marked as a paid advertisement, not as a general search result. While these two practices are similar, they are not the same. In fact, to use *Brookfield*'s billboard analogy, the conduct at issue in this case appears to be more akin to West Coast putting up straightforward advertising billboards next to Blockbuster billboards or stores, which the court assumes would not be actionable.

At oral argument, Picture It asserted that if shoe manufacturer Nike purchased keyword advertising linked to searches containing the name of a competitor, such as Reebok, this would cause initial interest confusion and constitute unfair competition under *Brookfield*. Even assuming this is true, though, does not mean Picture It necessarily has a viable unfair competition claim against iSold. Picture It has not sufficiently addressed the issue of the likelihood of confusion, which is critical to its unfair competition claim. *See*, *e.g.*, *Brookfield*, 174 F.3d at 1061-62. While Picture It is correct that the *Sleekcraft* factors (from *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979)) are not an appropriate analytical framework for likelihood of confusion in all cases, Picture It does not suggest an alternative analysis nor does it offer

any evidence regarding the likelihood of confusion.[4]  Picture It merely makes the conclusory argument that "a consumer's search for 'picture it sold' catches Defendant's keyword advertising on 'sold it' because of the keywords selected by [iSold] for its paid search advertising.  Once the consumer receives the search results containing [iSold]'s advertisement, the damage of initial interest confusion has occurred."  Reply at 8 (emphasis removed).  This is wholly inadequate to show Picture It is likely to succeed on the merits of its unfair competition claim.

Furthermore, the balance of hardships cannot be said to tip sharply in Picture It's favor.  Each party claims substantial economic harm to itself will result if this court decides the instant motion against it.  Mot. at 11; Opp'n at 19.  Under no version of the Ninth Circuit's tests for injunctive relief is Picture It entitled to a preliminary injunction.

### III.  ORDER

For the reasons given above, the court denies Picture It's motion for a preliminary injunction.

DATED:     12/19/05                              /s/ Ronald M. Whyte
                                                 RONALD M. WHYTE
                                                 United States District Judge

---

[4]    The court is also not convinced that at least some of the *Sleekcraft* factors— particularly the strength of Picture It's mark and the sophistication of consumers—would not be pertinent to the likelihood-of-confusion analysis in this case.

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Ann McFarland Draper        ann.draper@farberandco.com
Eric J. Farber              eric@farberandco.com

**Counsel for Defendant:**

Richard M. Johnson          rjohnson@ladas.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**        12/20/5                         /s/ JH
                                        **Chambers of Judge Whyte**